**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 08-4162**

─────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CURTIS L. SCHOOLFIELD, a/k/a Smoosh,

          Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:07-cr-00103-JFM-1)

─────────

Submitted: June 19, 2008          Decided: June 24, 2008

─────────

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Dwight E. Crawley, LAW OFFICES OF DWIGHT E. CRAWLEY, Arlington, Virginia, for Appellant. Rod J. Rosenstein, United States Attorney, Gregory Welsh, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Curtis L. Schoolfield was convicted of various crack cocaine offenses. On appeal, Schoolfield challenges the sufficiency of Alfonso Harmon's identification evidence at trial. Harmon testified that he purchased drugs from Schoolfield in controlled buys on three occasions. Harmon spoke with Schoolfield on the phone to arrange the purchases, and Schoolfield then sent others to deliver the drugs and take Harmon's money.

Schoolfield argues first that Harmon's voice identification failed to meet the requirements of Federal Rule of Evidence 901(b)(5). However, all that is required under the Rule is that the witness have "minimal familiarity" with the speaker's voice; once minimal familiarity is satisfied, it is for the jury to assess any issues regarding the extent of the witness's familiarity with the voice. See United States v. Bush, 405 F.3d 909, 919 (10th Cir. 2005). Here, Harmon testified that he had known Schoolfield for several years, through family members and from seeing him around the neighborhood, and had spoken personally with him on at least three or four occasions. This evidence laid the proper foundation for Harmon's familiarity with Schoolfield's voice, and the admission of his identification testimony was therefore proper.

Schoolfield next argues that, because the only evidence against him was Harmon's identification, the evidence was

insufficient to support his conviction. In evaluating the sufficiency of the evidence, we do not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). We will uphold a jury's verdict if there is substantial evidence to support it, and will reverse only in those rare cases "where the prosecution's failure is clear." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

Here, Harmon identified Schoolfield as the person who brokered the drug sales. In addition, circumstantial evidence corroborated Harmon's testimony. The people who conducted the actual drug sales were all individuals with whom Schoolfield was closely associated, including his own mother. Further, phone records were admitted at trial showing that one of the cell phones used to broker and make the transactions was subscribed in a third party's name at an address where Schoolfield's grandmother and aunt lived and where Schoolfield had been observed on numerous occasions. We conclude that the evidence was sufficient to support Schoolfield's convictions. See United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997) (holding that uncorroborated testimony of one witness may be sufficient to sustain a conviction).

Accordingly, we affirm Schoolfield's convictions. We deny Schoolfield's attorney's motion to withdraw. We dispense with oral argument because the facts and legal contentions are

- 3 -

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
